UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANNETTE M. SCHISLER,
WILLIAM SCHISLER, SR.,[1]     Plaintiffs,

        -v.-
                                  6:16-CV-514
                                  (DNH/ATB)

M & T BANK, et al.,

                                Defendants.

---

WILLIAM G. SCHISLER, SR, Plaintiff pro se
ANNETTE SCHISLER, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## DECISION and ORDER

The Clerk has sent to the court for review what Mr. Schisler told the Clerk is the "amended complaint," filed by plaintiffs in this action pursuant to Judge David N. Hurd's order dated January 30, 2018. (Dkt. Nos. 13, 14). Judge Hurd's January 30, 2018 order adopted the Order and Report-Recommendation of Magistrate Judge Therese Dancks, which recommended dismissing plaintiff's action without prejudice to filing an amended complaint. (Dkt. No. 5). Magistrate Judge Dancks granted plaintiffs' motion to proceed in forma pauperis ("IFP") for purposes of initial review only, and this court will do the same for purposes of reviewing the amended complaint.

## I.   Initial Review

In addition to determining whether plaintiffs meet the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in

---

[1] The court is aware that plaintiffs got married after they filed the initial complaint in this action. They signed their amended complaint "Annette Schisler" and "William Schisler, Sr." The Clerk is directed to change the caption accordingly.

the amended complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiffs' amended complaint under the above standards.

## II.     **"Amended Complaint"**

In her Order and Report-Recommendation, Magistrate Judge Dancks outlined the facts as stated in plaintiffs' original complaint. (Dkt. No. 5 at 4-5).  Briefly, plaintiffs are suing M & T Bank ("M & T"), Bay View Loan Servicing, LLC ("Bay View"), and Emery Law ("Emery") in conjunction with the mortgage on the Schisler's home. Plaintiffs claimed that their mortgage was paid monthly until June 3, 2014, when "someone" at M & T Bank accepted plaintiffs' money without recording the payment. (Dkt. No. 5 at 4).  Plaintiffs state that they stopped paying the mortgage, while they waited for defendants to "straighten" the matter out on "their side." (*Id.*)  Plaintiffs later became aware that M & T Bank was selling their property.  In a footnote, Magistrate Judge Dancks stated that, although Emery Law was named as a defendant, there were no "specific allegations pertaining to Emery Law." (Dkt. No. 5 at 12).

Plaintiffs alleged: (1) "void of agreement undue care for hanicap [sic] disabled hearing impaired people[;]" (2) "breach of contract[;]" and (3) "failure to properly notify in due time of lapse in payment." (Dkt. No. 5 at 4) (citing Complaint ("Compl.") at ¶ 5).  As relief, Plaintiffs sought $30.5 million in damages for pain, suffering, emotional distress, and "undue stress to a handicap autistic child and cancer patient." (*Id.* at 4-5) (citing Compl. ¶ 6)).

Judge Dancks determined that the court did not have jurisdiction to hear plaintiffs' claims under any possible applicable statutes. (Dkt. No. 5 at 6-13).  Judge Dancks, thus, recommended dismissal with leave to amend. (Dkt. No. 5 at 13). Although plaintiffs filed objections to the Order and Report-Recommendation, the

3

Honorable David N. Hurd adopted the recommendation in its entirety.[2] (Dkt. Nos. 6, 7, 13). Judge Hurd gave plaintiffs thirty (30) days from the date of his order to file their amended complaint. (Dkt. No. 13). On March 5, 2018, plaintiffs filed the document that is before me, which plaintiffs direct the Clerk to file as the Amended Complaint. (Dkt. No. 14).

Unfortunately, the document that plaintiffs filed is not an amended complaint. It is a letter from plaintiffs in which they continue to disagree with the court's dismissal of their action. (Dkt. No. 14 at 1). The letter is addressed to "Judge Baxter and others." (*Id.*) The letter begins by stating that the Schislers "here by [sic] do not agree with your decision to dismiss our case in its entirety." (*Id.*) Plaintiffs then re-state their problems with M & T and their mortgage. In the letter, plaintiffs now include additional facts regarding "Emery Law." They state that "Emery Law"[3] called them every day until June 14, 2014, "when we had no choice," to tell plaintiffs that M & T was selling their home. (Dkt. No. 14 at 1-2). Plaintiffs also state that Emery Law told them a lie and somehow defrauded them, and they still lost their home. (*Id.* at 2). Plaintiffs allege that the Attorney General and the "Supreme Court"[4] told plaintiffs that what defendants did was "totally wrong," and that we should not dismiss their case simply because they are

---

[2] On May 22, 2017, Magistrate Judge Dancks issued an Order of Recusal, which ordered the Clerk to reassign the action to another Magistrate Judge. (Dkt. No. 11). On May 23, 2017, the case was reassigned to me.

[3] This court can only assume that "Emery Law" is a law firm, and an attorney or attorneys from that firm called plaintiffs to speak with them about their mortgage. Plaintiffs listed "Emery Law" as a defendant in the original complaint, but as Emery Law's "Official Position," plaintiffs have written "Modification Lawyer." (Dkt. No. 1, ¶ 3(c)).

[4] The court assumes that plaintiffs are referring to New York State Supreme Court, and perhaps the Supreme Court's action related to the foreclosure proceeding.

not lawyers.

Plaintiffs have also filed additional documents in an effort to show that they are disabled or have medical problems. This court does not question plaintiffs' medical issues. However, the fact that plaintiffs are disabled, in itself, does not confer jurisdiction in federal court as Judge Dancks explained in her recommendation. Plaintiffs have not filed an amended complaint. Rather, they have submitted further argument that the court should not have dismissed their original complaint. I have no ability to change Judge Hurd's ruling on plaintiff's original complaint, and without more, I am bound by what Judge Dancks and Judge Hurd decided.

Although plaintiffs in a letter have now stated more facts regarding "Emery Law," these facts are completely conclusory and have not been alleged in an amended pleading. Assuming that an attorney from Emery Law, who may have been involved in attempting to modify the plaintiff's mortgage called plaintiffs, they have not stated how the attorney lied to them or defrauded them. In any event, as Judge Dancks found, plaintiffs have no diversity jurisdiction in this case, and they would not be able to sue Emery Law *in this court* for any state law claims. (Dkt. No. 5 at 10-13). This court makes no findings regarding the merits of plaintiffs' claims.[5] The court finds *only* that there is no jurisdiction *in this court* to address plaintiffs' claims.

---

[5] The court does not question that plaintiffs were devastated by the loss of their home. The court also does not question plaintiffs' claim that they were told that defendants may have erred in their treatment of plaintiff. The court did **not** dismiss this case because plaintiffs are not lawyers. The court dismissed the case for lack of jurisdiction. However, even if plaintiffs were correct, as stated by Judge Dancks, the Federal Courts are of **limited jurisdiction**. (*See* Dkt. No. 5 at 5). Judge Dancks quoted the Supreme Court, holding that "[i]t is a fundamental precept that federal courts are courts of limited jurisdiction." (*Id.* quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)) (internal quotation marks omitted). There are some claims that the federal court cannot determine regardless of whether the defendants would or would not be liable.

Plaintiffs have not filed a proper amended complaint within the time period given to them by Judge Hurd. In their letter, plaintiffs are essentially asking the court to reconsider its decision to dismiss plaintiffs' case without prejudice. However, I cannot change Judge Hurd's order. Plaintiffs have not submitted an amended complaint for the court's review, notwithstanding their attempt to have the Clerk file the document as an amended complaint.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that the document filed by plaintiffs as the "amended complaint" (Dkt. No. 14) is **STRICKEN** as not in compliance with Judge Hurd's January 30, 2018 Order, and thus, the action is still **DISMISSED IN ITS ENTIRETY** in accordance with Judge Hurd's order and for failure to file an amended complaint.

Dated: March 9, 2018

*Andrew T. Baxter*
Hon. Andrew T. Baxter
U.S. Magistrate Judge